UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL PARKS CONSERVATION
ASSOCIATION, JOHN ADORNATO, III,

              Plaintiffs,

-vs-                                            Case No. 2:11-cv-578-FtM-29SPC

UNITED STATES DEPARTMENT OF
INTERIOR, NATIONAL PARK SERVICE,
UNITED STATES FISH AND WILDLIFE
SERVICE,

              Defendants.
_____/

## ORDER

This matter comes before the Court on Safari Club International's Motion to Intervene (Doc. #30) filed on January 18, 2012. Plaintiffs National Parks Conservation Association ("NPCA") and John Adornato III filed their opposition (Doc. #41) on February 1, 2012. Federal Defendants' Response to Safari Club International's Motion to Intervene (Doc. #43) was filed on February 1, 2012. Peer Plaintiffs' have indicated that they take no position on Safari Club's Motion to Intervene. (Doc. #42). Thus, the Motion is now ripe for review.

On October 12, 2011, Plaintiffs National Parks Conservation and Public Employees for Environmental Responsibility ("PEER") filed the instant suit under the Administrative Procedures Act against the U.S. Fish and Wildlife Service ("FWS"), National Park Service ("NPS"), the United States Department of the Interior (collectively "the Federal Defendants"). Specifically, the Complaint challenges NPS's General Management Plan/Wilderness Study/Off-Road Vehicle Management Plan/Environmental Impact Statement for the Addition portion of the Big Cypress

National Preserve, the Record of Decision thereon, and FWS's biological opinion and incidental statement. The Complaint requests that the Court invalidate those documents and remand the matter to NPS and FWS for further proceedings. In addition, the NPCA Complaint's Eighth Claim asserts that NPS and the Department of the Interior violated the Federal Advisory Committee Act by the manner in which they appointed the members of the "ORV Advisory Committee" for the Preserve.

Defendant Intervenor-Applicant Safari Club International moves this Court for leave to participate as a defendant-intervenor. Safari Club is an organization that promotes and protects hunting opportunities for its members and for the hunting community generally. Its membership includes approximately 53,000 individuals from the United States and many of the countries around the world, many of whom reside in Florida and/or belong to one of the nine Florida Safari Club International chapters. Safari Clubs' missions are the conservation of wildlife, protection of the hunter, and education of the public concerning hunting and its use as a conservation tool.

Safari Club asserts that most, if not all, of Plaintiffs NPCA and PEER's challenges concern the Federal Defendants' decisions regarding the designation of Wilderness and off-road vehicle ("ORV") trails in the Addition, both of which will affect the future of hunting there. Safari Club seeks to participate as a defendant-intervenor in order to defend against NPCA and PEER's attempt to interfere with ORV use, hunting, and access to hunting in the Addition. Safari Club asserts that its members have hunted and used ORVs in the lands that constitute the Addition in the past and seek to do so in the future. Safari Club seeks intervention in this litigation in order to defend the decisions of the Federal government that will reopen the Addition to hunting and ORV use. Safari Club believes that if NPCA and PEER are successful in their challenges to the Federal Defendants' decision-making for the Addition, Safari Club members and others who hunt and conserve wildlife

in the Preserve and its vicinity and who have concrete plans to use ORVs, including for hunting, in the Addition in the future, will suffer. In support of this, Safari Club submitted numerous affidavits of its members, many of whom state that they have hunted in the Addition in the past prior to its acquisition by the Federal Government, and will do so in the future if allowed. (Doc. #30, Exhs. A-H).

Safari Club moves to intervene in this action as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), or alternatively, permissively, pursuant to Fed. R. Civ. P. 24(b). Under Fed. R. Civ. P 24(a) a party has a right to intervene as a matter of right if the applicant has a claim or interest in the case. Rule 24 reads in pertinent part:

> [u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). "In this circuit, a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002) (quoting Federal Savings and Loan Ins. Corp. v. Falls Chase Special Taxing District, 983 F.2d 211, 215 (11th Cir. 1993)). "[A] party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial, and legally protectable." Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1249 (11th Cir. 2002).

If each of the four requirements are met, the court must allow the party to intervene in the action. TIG Specialty Ins. Co., 208 F.R.D. at 337.

The Federal Defendants argue that the Safari Club has not met the legal requirements for intervention as a matter of right, but take no position as to Safari Club's alternative motion for permissive intervention. Specifically, the Federal Defendants concede that the Safari Club's Motion to Intervene was timely filed, but argue that Safari Club does not have a legally protectable interest in the subject matter of the litigation and, in any case, the interests are adequately represented by the Federal Defendants. The Safari Club argues that its members have substantial interests in protecting their legal rights to future use of the Preserve and Addition. Specifically, the Safari Club asserts that its members enjoy using ORVs, including for hunting access and game retrieval, in the Preserve, including the types of ORV use and future hunting that NPCA and PEER wish to restrict and/or limit via their challenge to the Federal Defendants decision-making on the legal uses and opportunities for access to the Addition in this lawsuit. Safari Club members' ability to use ORVs, participate in future hunting activities, and gain access to hunting opportunities would be harmed, and their legal interests impaired, if NPCA and PEER are successful in this lawsuit.

The Eleventh Circuit has recognized that "[b]y requiring that the applicant's interest be... 'legally protectable,' it is plain that something more than an economic interest is necessary. What is required is that the interest be one which the substantive law recognizes as belonging to or being owned by the applicant." United States v. S. Fla. Water Mgmt. Dist., 922 F.2d 704, 710 (11th Cir. 1991). Here, the Safari Club is an organization of individuals who have hunted or enjoyed the Preserve and its Addition Lands in the past or plan to do so in the future. Disposition of this lawsuit which could affect their ability to gain access to the land and could impair their ability to protect

their interests. The Court finds that the Safari Club possess the requisite interests in issues in this litigation.

The Federal Defendants also argue that Safari Club's interests are already adequately represented by the Federal Defendants. Safari Club counters that the Federal Defendants, including the NPS, do not adequately represent Safari Club's interests because the Service (1) has long delayed allowing ORVs and hunting in the Addition; (2) designated more Wilderness and fewer trails that Safari Club and many of its members advocated; and (3) does not share Safari Club and its members' on-the-ground interests in using ORVs and hunting in the Addition. "The proposed intervenors' burden to show that their interests *may* be inadequately represented is minimal." Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993) (emphasis in original). "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." Id. In this case, Safari Club and its members differ in their position on appropriate management of the Addition and the obligations of the Federal Defendants to a larger constituency. Thus, the Court finds that Safari Club has met its burden and shown that none of the parties are adequately representing intervenors' interests, and intervenor has presented legitimate interests which are the subject of this litigation.[1] See id. (finding that "the fact that the parties in the litigation that allegedly represent the appellants' interests possess interests inimical to the appellants, we conclude that the existing parties to the lawsuit may not adequately represent the appellants").

---

[1] Plaintiffs NPCA and John Adornato III, only argue that Safari Club has failed to demonstrate the fourth element, *i.e.*, that the Federal Defendants will not adequately represent its interests.

Since the Intervenor has a unique interest in the subject matter of the litigation that is currently unrepresented, the Court finds good cause to grant the Motion to Intervene as a matter of right.

Accordingly, it is now

**ORDERED:**

Safari Club International's Motion to Intervene (Doc. #30) is **GRANTED**. The Safari Club International is admitted to the case as a party Defendant and shall have up to and including **February 27, 2012** to file its Answer or otherwise plead.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of February, 2012.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record