UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL PARKS
CONSERVATION ASSOCIATION
and JOHN ADORNATO, III,

      Plaintiffs,

v.                                                             Case No:  2:11-CV-578-FtM-29SPC

UNITED STATES DEPARTMENT
OF INTERIOR, NATIONAL PARK
SERVICE and UNITED STATES
FISH AND WILDLIFE SERVICE

      Defendants.

_____/

## ORDER

This matter comes before the Court on Florida Wildlife Federation's ("FWF") Motion to Intervene (Doc. #55) filed on March 9, 2012.  FWF filed a Notice of Filing Statement of Manley K. Fuller, III in Support of Florida Wildlife Federation's Motion to Intervene (Doc. #60) on March 21, 2012.  Plaintiff National Parks Conservation Association's Response in Opposition to Florida Wildlife Federation's Motion to Intervene (Doc. #56) was filed on March 13, 2012.  PEER Plaintiffs' Response to FWF's Intervention Motion (Doc. #57) was filed on March 13, 2012.  Federal Defendants' Response to Florida Wildlife Federation's Motion to Intervene (Doc. #59) was filed on March 20, 2012.  Thus, the Motion is now ripe for review.

1

On October 12, 2011, Plaintiffs National Parks Conservation and Public Employees for Environmental Responsibility ("PEER") filed the instant suit under the Administrative Procedures Act against the U.S. Fish and Wildlife Service ("FWS"), National Park Service ("NPS"), the United States Department of the Interior (collectively "the Federal Defendants"). Specifically, the Complaint challenges NPS's General Management Plan/Wilderness Study/Off-Road Vehicle Management Plan/Environmental Impact Statement for the Addition portion of the Big Cypress National Preserve, the Record of Decision thereon, and FWS's biological opinion and incidental statement. The Complaint requests that the Court invalidate those documents and remand the matter to NPS and FWS for further proceedings. In addition, the NPCA Complaint's Eighth Claim asserts that NPS and the Department of the Interior violated the Federal Advisory Committee Act by the manner in which they appointed the members of the "ORV Advisory Committee" for the Preserve.

Defendant Intervenor-Applicant Florida Wildlife Federation moves this Court for leave to participate as a defendant-intervenor. FWF is a not-for-profit conservation organization whose purposes include protecting Florida's fish, wildlife, air quality, and water quality. It is a state affiliate of the National Wildlife Federation. The FWF believes in responsible public use and enjoyment of our natural environment, including sustainable fishing and hunting, and all other resource-compatible forms of outdoor recreation. Since 1937, the FWF has been an advocate for threatened and endangered species in Florida, including the endangered Florida panther. FWF asserts that it has been actively advocating and litigating for the protection and recovery of the

Florida panther. The FWF states that it and its members have a long standing interest, use, and involvement with the Big Cypress National Preserve and the Big Cypress Addition Lands. It lists its substantial interests in this litigation as the protection and recovery of the endangered Florida panther and the legal rights of FWF members to enjoy sustainable hunting, camping, and other recreational use of the Addition Lands. In support of this, FWF submitted a notarized statement of its President, Manley K. Fuller, III, who states that intervention by a group such as the FWF would assist the Court in understanding the issues before it in this case. (Doc. #60-1).

FWF also asserts that its members used recreational ORVs and hunted in the Addition Lands area prior to 1992 when the Addition Lands were formally purchased by the Federal Government. The NPS began restricting the public use of recreational ORVs in the Addition Lands in 1988 when the NPS began purchasing the Addition Lands. However, many leases for hunting in the Addition Lands continued to exist and were legally used by the holders of the leases until the 1992 time period. FWF states that its members held such hunting leases and used recreational ORVs in the Addition Lands for hunting and recreational use until mid-1992.

FWF states in its Brief that is members have spent many holidays, weekends, and vacations in the big Cypress prior to it becoming the Original Preserve and the Addition Lands. Prior to the acquisition of the Addition Lands by the Federal Government, FWF members traveled on vehicles on old logging trails. Since the closure of the Addition Lands to the public for recreational ORVs, FWF members are only able to access the Addition Lands on foot.

FWF moves to intervene in this action as a matter of right pursuant to Fed. R. Civ. P.

24(a)(2), or alternatively, permissively, pursuant to Fed. R. Civ. P. 24(b).  Under Fed. R. Civ. P 24(a) a party has a right to intervene as a matter of right if the applicant has a claim or interest in the case. Rule 24 reads in pertinent part:

> [u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). "In this circuit, a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002) (quoting Federal Savings and Loan Ins. Corp. v. Falls Chase Special Taxing District, 983 F.2d 211, 215 (11th Cir. 1993)).  "[A] party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial, and legally protectable." Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1249 (11th Cir. 2002).  If each of the four requirements are met, the court must allow the party to intervene in the action. TIG Specialty Ins. Co., 208 F.R.D. at 337.

The Federal Defendants argue that the Safari Club has not met the legal requirements for intervention as a matter of right, but take no position as to Safari Club's alternative motion for permissive intervention.  Specifically, the Federal Defendants and other parties concede that the

FWF's Motion to Intervene was timely filed, but argue that FWF does not have a legally protectable interest in the subject matter of the litigation and, in any case, the interests are adequately represented by the Federal Defendants. Plaintiff National Parks Conservation Association and PEER Plaintiffs argue that the FWF's interests are adequately represented by another Defendant-Intervenor, Safari Club International.

The Eleventh Circuit has recognized that "[b]y requiring that the applicant's interest be... 'legally protectable,' it is plain that something more than an economic interest is necessary. What is required is that the interest be one which the substantive law recognizes as belonging to or being owned by the applicant." United States v. S. Fla. Water Mgmt. Dist., 922 F.2d 704, 710 (11th Cir. 1991). Here, the FWF is an organization of individuals who have hunted or enjoyed the Preserve and its Addition Lands in the past or plan to do so in the future. Disposition of this lawsuit could affect their ability to gain access to the land and could impair their ability to protect their interests. The Court finds that the FWF possess the requisite interests in issues in this litigation.

The Federal Defendants also argue that FWF's interests are already adequately represented by the Federal Defendants. "The proposed intervenors' burden to show that their interests *may* be inadequately represented is minimal." Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993) (emphasis in original). "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action."

<u>Id.</u>  In this case, FWF and its members differ in their position on the Addition from other Defendants, as FWF, its members, and board members have been involved in different capacities regarding the Addition Lands.  For example, FWF and FWF members assert that they supported and assisted the Federal Government in acquiring the Addition Lands with the understanding the public would be able to use ORVs on trails in the Addition Lands.  Thus, the Court finds that FWF has met its burden and shown that none of the parties are adequately representing intervenors' interests, and intervenor has presented legitimate interests which are the subject of this litigation.  <u>See id.</u> (finding that "the fact that the parties in the litigation that allegedly represent the appellants' interests possess interests inimical to the appellants, we conclude that the existing parties to the lawsuit may not adequately represent the appellants").

Since the Intervenor has a unique interest in the subject matter of the litigation that is currently unrepresented, the Court finds good cause to grant the Motion to Intervene as a matter of right.

Accordingly, it is now **ORDERED:**

Florida Wildlife Federation's Motion to Intervene (Doc. #55) is **GRANTED**.  The Florida Wildlife Federation is admitted to this case as a party Defendant and shall have up to and including **April 13, 2012** to file its Answer or otherwise plead.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th Day of March, 2012.

*[Signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record