UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL PARKS
CONSERVATION ASSOCIATION
and JOHN ADORNATO, III,

      Plaintiffs,

V.                                              Case No: 2:11-CV-578-FtM-29SPC

UNITED STATES DEPARTMENT
OF INTERIOR, NATIONAL PARK
SERVICE and UNITED STATES
FISH AND WILDLIFE SERVICE

      Defendants.

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on Federal Defendants'[1] Partial Motion to Dismiss Plaintiffs' Eighth Claim for Relief (Doc. #18) filed on December 15, 2011. Plaintiffs' Response to Federal Defendants' Partial Motion to Dismiss Plaintiffs' Eighth Claim for Relief (Doc. #38) was filed on January 24, 2012. Federal Defendants' Reply Memorandum in Support of Partial Motion to Dismiss Plaintiffs' Eighth Claim for Relief (Doc. #49) was filed on February 17, 2012. NPCA Plaintiffs' Surreply in Opposition to Federal Defendants' Motion to Dismiss Their Eighth Claim (Doc. #54) was filed on February 29, 2012. The instant Motion was referred to the

---

[1] The "Federal Defendants" include the United States Department of Interior, the National Park Service, and the United States Fish and Wildlife Service.

1

undersigned by the Honorable John E. Steele on March 19, 2012. Thus, the Motion is now ripe for review.

Plaintiffs in this action challenge the National Park Service's ("NPS") Final General Management Plan/Wilderness Study/Off-Road Vehicle Management Plan/Environmental Impact Statement dated October 20, 2010 ("the GMP") and the associated Record of Decision ("ROD") concerning the "Addition Lands" in the Big Cypress National Preserve. Plaintiffs also challenge the biological opinion and associated incidental take statement of the U.S. Fish and Wildlife Service ("FWS") concerning the GMP. Plaintiffs allege violations of various federal statutes, including the Administrative Procedures Act ("APA"), National Environmental Policy Act ("NEPA"), the Endangered Species Act ("ESA") and the Federal Advisory Committee Act ("FACA").

Plaintiffs' Eighth Claim for Relief alleges that Defendant NPS violated Section 5 of the FACA, 5 U.S.C. App. 2 § 5, which provides that any advisory committee be "fairly balanced in terms of the points of view represented and the functions to be performed," id. § 5(b)(2), and "not be inappropriately influenced by the appointing authority or by any special interest," id. § 5(b)(3). Plaintiffs allege that the Big Cypress National Preserve Off-Road Vehicle Advisory Committee (the "ORV Advisory Committee"), as initially established by NPS in 2007, see 72 Fed. Reg. 42,108 (Aug. 1, 2007), lacked the fair balance between competing interests contemplated by FACA and applicable Department of the Interior ("DOI") regulations and that it remains unbalanced despite intervening changes in its membership. Doc. #1, Complaint ¶ 119. Plaintiffs further allege that the ORV Advisory Committee's recommendations have been "inappropriately influenced" by off-road vehicle ("ORV") users. Id. ¶ 122.

Specifically, Plaintiff John Adornato, III, who has been a member of the ORV Advisory Committee since 2008, favors more restrictions on ORV use in the Preserve to protect its natural ecology. He alleges that his views are so greatly outweighed by the majority ORV users on the Committee that he has been hindered by the majority ORV users on the Committee from effectively participating in its deliberations and recommendations. See Complaint ¶ 20. He seeks an injunction against the further operation of the Committee until its composition has been brought into compliance with FACA, as well as an injunction against the Defendants taking any action in reliance on the recommendations of that Committee before that time.[2] See Complaint, Eighth Claim for Relief. Plaintiffs state in their Brief that the eighth claim challenges Defendants' appointments to the Preserve's ORV Advisory Committee, both because those appointments fail to comply with FACA's requirement that the Committee be fairly balanced in terms of the points-of-view of its members and because those appointments were arbitrary and capricious. (Doc. #37, p. 6).

The Federal Defendants move to dismiss Plaintiffs' eighth claim for relief on numerous grounds, alleging lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), arguing that: (1) Plaintiffs fail to demonstrate the elements of standing under Article III of the Constitution; (2) FACA does not waive sovereign immunity; (3) FACA does not contain a private right of action; (4) Plaintiffs' claims that the ORV Advisory Committee is not fairly balanced are unreviewable because Congress has committed the composition of such committees to the discretion of the Secretary of the Interior, as provided in the National Park Service Organic Act of 1916, 16 U.S.C. § 1a-2(c)

---

[2] The Eleventh Circuit has found that injunctive relief is available for violations of FACA. Alabama-Tombigbee Rivers Coalition v. Department of Interior, 26 F.3d 1103, 1106 (11th Cir. 1994).

(authorizing Secretary to "[a]ppoint and establish such advisory committees in regard to the functions of the National Park Service as he may deem advisable"); (5) to the extent that Plaintiffs seek to challenge the ongoing functions of the ORV Advisory Committee, including "decisions, recommendations or studies made by that Committee concerning the Original Preserve and/or the Addition," see Doc. #1, Complaint ¶ 123, Plaintiffs fail to challenge any particular final "agency action" that would be subject to review under the APA.

## BACKGROUND

### I. Factual Background

Management of recreational ORV use in the Original Preserve is governed by the Final Recreational Off-Road Management Plan and Supplemental Environmental Impact Statement issued by NPS in 2000. The ORV Management Plan does not apply to the lands constituting the Addition.[3] The Plan provided for the establishment of an advisory committee, stating that:

> Under the proposed action, the National Park Service would establish an advisory committee of concerned citizens to examine issues and make recommendations regarding the management of ORVs in the Preserve. The establishment of the committee would meet the legal requirements of the 1972 Federal Advisory Committee Act (FACA) (Pub. L. 92-463, 1972, as amended). The advisory committee would provide access to the extensive knowledge available in the public arena and would offer advice to the National Park Service in the decision-making process in a manner consistent with FACA. This committee would be an element of an adaptive management approach that would be used to develop best management practices for ORV use.

Notice of Establishment, 72 Fed. Reg. 42,108, citing ORV Management Plan.

---

[3] As originally established, the Big Cypress National Preserve consisted of approximately 582,000 acres (the "Original Preserve"). Complaint ¶ 2. In 1988, Congress Amended the Big Cypress National Preserve Act, Pub. L. No. 93-440, 88 Stat. 1257 (1974), adding 147,000 acres to the Original Preserve (the "Addition"). Id. ¶ 22. As a result, the Big Cypress National Preserve now includes the Original Preserve and the Addition, both of which are managed by NPS as a unit of the National Park System. Id. ¶¶ 2, 61.

On August 1, 2007, pursuant to the authority conferred upon Congress in the Organic Act and as directed by the ORV Management Plan, the Secretary of the Interior gave notice that the ORV Advisory Committee had been established. 72 Fed. Reg. 42,108, Complaint ¶ 117. The notice stated that the ORV Advisory Committee "will be comprised of individuals that represent (1) sportsmen/ORV users; (2) landowners; (3) academia; (4) environmental advocates; (5) the state government; and (6) Tribes." 72 Fed. Reg. 42,109. The Secretary appointed 14 members to the ORV Advisory Committee at that time. Since that time, some members have left the Committee and new members have joined the Committee. The Complaint alleges that "hunters, sportsmen and other users of ORVs constituted a majority of the members of the Committee. In addition, most of those supporters of ORV use were associated with organizations through which they coordinated their support for ORV use and their opposition to restrictions of such use." Complaint ¶ 119.

On October 20, 2010, NPS issued its Final General Management Plan/Wilderness Study/Off-Road Vehicle Management Plan/Environmental Impact Statement (the "Addition GMP") relating to the Addition. Under the "preferred alternative" identified in the Addition GMP, the existing ORV Advisory Committee would also "participate in making decisions and/or recommendations concerning the implementation of the GMP" in the Addition. NPS then adopted the preferred alternative from the Addition GMP via a February 4, 2011 ROD. Plaintiffs filed this Complaint on October 18, 2011. (Doc. #1).

## II. Plaintiffs' Eighth Claim for Relief

The eighth claim asserts that Defendants Department of the Interior and NPS violated FACA and acted in an arbitrary and capricious manner by their appointments to the ORV

5

Advisory Committee. The claim is based on the provision of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A), which authorizes a reviewing court to "hold unlawful and set aside agency action, findings and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." The Complaint alleges, as to the last clause, that the appointment of members of the ORV Advisory Committee was "not in accordance with law" because it violated FACA's requirement that an advisory committee be "fairly balanced in terms of the points of view represented," 5 U.S.C. App. 2, § 5(b)(2), and the requirement that it "not be inappropriately influenced . . . by any special interest," id. § 5(b)(3). Plaintiffs allege that those provisions are mandatory on the NPS and the Secretary of the Interior by Section 5(c), which provides that, "to the extent they are applicable, the guidelines set out in subsection (b) of this section shall be followed by the President, agency heads, or other Federal officials in creating an advisory committee."

The Federal Defendants move to dismiss the case under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), a party may move to dismiss a case on the ground that the Court lacks subject matter jurisdiction. "Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a 'facial' attack and a 'factual' attack motion." Burkhart v. Chertoff, 2009 WL 32888, *1 (M.D. Fla. Jan. 6, 2009). "A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion . . . [and] [t]he complaint may be dismissed for a facial lack of standing only 'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. In this case, the Court is only considering the pleadings and no matters outside the pleadings such as testimony and

6

affidavits. Thus, Federal Defendants have made a facial attack on this Court's subject matter jurisdiction.[4]

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v Fremont Investment & Loan, 2010 WL 98996 * 1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002)). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Insurance Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996 at * 1 (citing Neitzke v. Williams, 490 U.S. 319, 326 (1989)); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992)). The Court has reviewed Plaintiffs' eighth claim for relief, as well as the briefing of the parties, with these principles in mind.

---

[4] The Parties agree that the Federal Defendants are mounting a facial attack against the Plaintiffs' eighth claim for relief. See Doc. #37, p. 5.

## DISCUSSION

I. **Lack of Jurisdiction**

  a. **Constitutional Standing**

Federal Defendants argue that Plaintiff John Adornato fails to demonstrate the elements of standing under Article III of the Constitution.[5] The "'irreducible constitutional minimum' of standing requires: (1) that the plaintiff have suffered an 'injury in fact'—an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Bennett v. Spear, 520 U.S. 154, 167, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997); see also Arizona Christian School Tuition Org. v. Winn, 131 S. Ct. 1436, 1442 (2011) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

**Injury-in-fact:** The Federal Defendants first argue that Plaintiff Adornato does not cite to any particular action by NPS that resulted from the alleged inappropriate influence by ORV users. Rather, Plaintiffs allege generally that the

> NPCA's members have an aesthetic, educational, health and spiritual interest that will be harmed by the environmental impacts that will result from the GMP and

---

[5] Plaintiffs do not take the position that Plaintiff, NPCA, as an organization has standing to pursue this FACA claim and the Court recommends that NPCA would not have standing. See Colorado Envtl. Coal v. Wenker, 353 F.3d 1221, 1226 (10th Cir. 2004 (finding that the Colorado Environmental Coalition did not have standing to pursue the FACA claim because the positions on the advisory committee were required to be held by individuals, not organizations).

8

>	NPS's decisions thereunder, including impacts to the land, water, scenery and wildlife in the Addition.

Complaint ¶18. The Federal Defendants allege that the Plaintiff cannot establish the injury-in-fact requirements of standing based on alleged ongoing inequities in the composition of the ORV Advisory Committee and that he cannot establish standing by alleging a possible future injury. Federal Defendants argue that because the ORV Advisory Committee has not yet taken any action, there is no allegation that an allegedly biased committee has influenced government action that may in turn harm a concrete interest. Plaintiff claims that he has been injured merely in the fact that he has been unable to obtain a fair hearing for his views on the Committee, according to the allegations of the Complaint.

As the Eleventh Circuit has recognized when analyzing whether standing exists it is important to look at the "stage of the litigation at which the standing issue is being decided." Miccosukee Tribe of Indians of Florida v. Southern Everglades Restoration Alliance, 304 F.3d 1076, 1080 (11th Cir. 2002). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." Id. (quoting Lujan, 504 U.S. at 561). In that case, the court found that taking as true the Tribe's allegations of past and continuing injury to its tribal lands based on actions of the committee that were arrived at in violation of FACA established injury in fact and causation for present purposes. Id. at 1081.

Citing the legislative history of FACA, a court has noted that "the 'fairly balanced' requirement was designed to ensure that persons or groups directly affected by the work of a particular advisory committee would have some representation on the committee. When the

9

requirement is ignored, therefore, persons having a direct interest in the committee's purpose suffer injury-in-fact sufficient to confer standing to sue." National Anti-Hunger Coalition v. Executive Committee of the President's Private Sector Survey on Cost Control, 711 F.2d 1071, 1074 n.2 (D.C. Ct. App. 1983) (internal citations omitted).

At the motion to dismiss stage, the Court recommends that Plaintiff has satisfied the injury-in-fact requirement of standing. Plaintiff alleges that the ORV Advisory Committee has made decisions and/or recommendations to NPS regarding the management of ORVs in the Original Preserve over the past four years. Those recommendations include the establishment of secondary trails and other significant issues. Those decisions and/or recommendations have reflected the heavily pro-ORV interests of the dominant group on the Committee, ORV users and their supporters." Complaint ¶ 120. This is enough to satisfy injury-in-fact at this point in the litigation.

**Redressibility:** Federal Defendants also argue that because the injury is conjectural or hypothetical, as it is not certain that if the Court grants the requested relief and recomposes the Committee so that it is fairly balanced in terms of points of view, that Plaintiff's injury will be redressed. Plaintiff claims that he has been injured merely in the fact that he has been unable to obtain a fair hearing for his views on the Committee, according to the allegations of the Complaint.

To determine if the redressability prong is satisfied, the Court examines the relief requested in the Complaint to determine whether it will compensate for or eliminate any effects of the alleged wrongdoing. Steel Co. v. Citizens for a Better Env't, 523 U.S. 93, 105-09 (1998). Plaintiffs' relevant requested relief under his eighth claim is for: an injunction against the further

operation of the Committee until its composition has been brought into compliance with FACA and an injunction against Defendants taking any action in reliance on the recommendations of that Committee before that time. Complaint, Prayer for Relief, ¶ 2. In this case, injunctive relief would be of value to Plaintiff, since the Committee's future conduct is likely to continue to inflict the alleged injury – failure of the Plaintiff to obtain a fair hearing. Id. at 109. The remedies available to this Court are sufficient to satisfy the redressability requirement for constitutional standing. Therefore, the Court recommends that the motion to dismiss for lack of standing be denied.

### b. Final Agency Action Under the APA

The Federal Defendants also argue under the APA that to the extent that Plaintiff seeks to challenge the ongoing functions of the ORV Advisory Committee, including "decisions, recommendations or studies made by that Committee concerning the Original Preserve and/or the Addition," see Complaint ¶ 123, Plaintiff fails to challenge any particular final "agency action" that would be subject to review under the APA. Plaintiff counters that what he is challenging in this case is the appointments, which marked the end of the Secretary's decision-making process and thus there was final agency action with regard to the eighth claim. Plaintiff also argues that each appointment, and the initial appointments as a group, determined rights and obligations and had legal consequences, because the Committee then proceeded to make recommendations and decisions.

"The APA, by its terms, provides a right to judicial review of all final agency action for which there is no other adequate remedy." Bennett, 520 U.S. at 175. Absent a final agency

action, this Court lacks subject matter jurisdiction. Tennessee Valley Authority v. Whitman, 336 F.3d 1236, 1247-48 (11th Cir. 2003).

The Court recommends that in this case the appointments by the Secretary to the ORV Committee – which is what Plaintiff is challenging – would be final agency action. Even if no decisions or actions have been taken by the Committee, the appointments are enough to constitute final agency action in this case. Therefore, the Court recommends that Plaintiff's eighth claim would be reviewable and the Court has jurisdiction to hear Plaintiff's eighth claim under the APA.

## II. Failure to State a Claim

### a. Private Right of Action and Sovereign Immunity

The Federal Defendants next argue that Plaintiff's claims remain subject to dismissal because FACA does not waive sovereign immunity and FACA does not contain a private right of action. Plaintiff counters that the argument is wholly irrelevant because the eighth claim is brought under the APA. The Federal Defendants concede that an action to enforce FACA must be brought, if at all, pursuant to the APA. (Doc. #18, p. 17) (noting that the Eleventh Circuit apparently permitted a FACA claim to proceed absent an express APA claim in Miccosukee Tribe, 304 F.3d 1076 (11th Cir. 2002)).

Because the Court recommends that the eighth claim is brought under the APA for judicial review of an agency's compliance with a statute, the Court recommends that Federal Defendants' sovereign immunity argument and private right of action arguments would fail.

### b. Administrative Procedures Act

**Agency Discretion:** Federal Defendants next argue that Plaintiffs' claims that the ORV Advisory Committee is not fairly balanced are unreviewable because Congress has committed the composition of such committees to the discretion of the Secretary of the Interior, as provided in the National Park Service Organic Act of 1916, 16 U.S.C. § 1a-2(c) (authorizing Secretary to "[a]ppoint and establish such advisory committees in regard to the functions of the National Park Service as he may deem advisable"). The APA authorizes a court to "set aside agency actions, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). Plaintiffs bring this action under this provision of the APA. "The APA, by its terms, provides a right to judicial review of all 'final agency action for which there is no other adequate remedy in the court,' § 704, and applies universally 'except to the extent that - (1) statutes preclude judicial review;[6] or (2) agency action is committed to agency discretion by law,' § 701(a)." Bennett v. Spear, 520 U.S. 154, 175 (1997). Defendants argue that Section 701(a)(2) does not allow for judicial review under the APA if the decision is committed to agency discretion by law.

The Supreme Court has recognized that "before any review at all may be had, a party must first clear the hurdle of § 701(a)." Heckler v. Chaney, 470 U.S. 821, 828 (1985). "As a general rule, actions taken by federal administrative agencies are subject to judicial review." Natl. Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1236 (11th Cir. 2003) (citing Abbott Labs. v. Gardner, 387 U.S. 136, 140-41 (1967)).

Under the APA, the provision indicating that judicial review is not available when "agency action is committed to agency discretion by law" is a narrow one, and is limited only to

---

[6] The first prong is inapplicable in this case because the FACA does not express preclude judicial review.

13

those rare situations where the statutes are drawn in such broad terms that there is no law for the reviewing court to apply in a given case. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 410 (1971); Lenis v. U.S. Attorney General, 525 F.3d 1291, 1293 (11th Cir. 2008); Greenwood Utilities Commission v. Hodel, 764 F.2d 1459, 1464 (11th Cir. 1985). In its analysis of APA Section 701(a)(2), the Supreme Court has explained that "review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Heckler v. Chaney, 470 U.S. 821, 830 (1985). The Eleventh Circuit has stated on this point that if there is no standard against which agency action may be judged, "then no issues capable of judicial resolution are presented and the courts are accordingly without jurisdiction." Greenwood Utilities, 764 F.2d at 1464 (internal quotations omitted). Most recently, the Supreme Court stated that "[p]rovisions for agency review do not restrict judicial review unless the 'statutory scheme' displays a 'fairly discernible' intent to limit jurisdiction, and the claims at issue 'are of the type Congress intended to be reviewed within th[e] statutory structure . . . . Generally, when Congress creates procedures designed to permit agency expertise to be brought to bear on particular problems, those procedures are to be exclusive." Free Enterprise Fund v. Public Co. Accounting Oversight Bd., et al., --- U.S. ---, 130 S. Ct. 3138, 3150 (2010) (internal quotations omitted).

The Supreme Court has also recognized that "we presume that Congress does not intend to limit jurisdiction if a finding of preclusion could foreclose all meaningful judicial review . . ." Free Enterprise Fund, 130 S. Ct. at 3150. The Eleventh Circuit has noted that [j]udicial review, however, is the rule and nonreviewability is a narrow exception which must be clearly demonstrated." Greenwood Utilities, 764 F.2d at 1464. "The mere fact that a statute grants

14

broad discretion to an agency does not render the agency's decisions completely nonreviewable under the 'committed to agency discretion by law' exception unless the statutory scheme, taken together with other relevant materials, provides absolutely no guidance as to how that discretion is to be exercised." Robbins v. Reagan, 780 F.2d 37, 45 (D.C. Cir. 1985). Thus, in order for the "committed to agency discretion exception" to preclude judicial review, the Government must establish that "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Chaney, 470 U.S. at 830.

In this case, the Federal Defendants argue that FACA as applied to the Park Service Organic Act gives the Secretary of the Interior broad discretion to "[a]ppoint and establish such advisory committees in regard to the functions of the National Park Service as he may deem advisable . . . ." 16 U.S.C. § 1a-2(c). They assert that because this is the case the APA does not afford review of Plaintiff's eighth claim because appointment of Committee members is committed to agency discretion and there is no law to apply with respect to the Secretary's determination as to whether the Committee is fairly balanced. Plaintiff counters that allegations concerning the makeup of the Committee suffice at this stage of the case to embrace the specific facts necessary to support the claim.

The section of FACA that the eighth claim is based on is Section 5(b)(2), which states that "any such legislation [authorizing the establishment of an advisory committee] shall: (2) require the membership of the advisory committee to be fairly balanced in terms of the points of view represented and the functions to be performed by the advisory committee." 5 U.S.C. App. 2 § 5(b)(2). The requirements of § 5(b)(2) are made applicable to the agencies by § 5(c), which states: "To the extent they are applicable, the guidelines set out in subsection (b) of this section

15

shall be followed by the President, agency heads, or other Federal officials in creating an advisory committee." 5 U.S.C. App. 2 § 5(c).

In this case, there is no single appointment that Plaintiff is challenging. Rather, he alleges that the make-up of the Committee is unbalanced in violation of FACA as applied to the Organic Act. This Court agrees with other courts who have examined this issue and the undersigned recommends that there is no indication from the provisions of the Organic Act, nor FACA, that there is a meaningful standard to apply when considering whether the Secretary complied with the "fairly balanced" requirement imposed by FACA. See Center for Policy Analysis on Trade and Health v. Office of U.S. Trade Representative, 540 F.3d 940, 945 (9th Cir. 2008). "This is, as Judge Silberman noted in Public Citizen v. National Advisory Committee on Microbiological Criteria for Foods, 886 F.2d 419 (D.C. Cir. 1989), a political question that is best left to the other branches of government. See id. at 426-30 (Silberman, J. concurring in the judgment (stating that '[t]he relevant points of view on issues to be considered by an advisory committee are virtually infinite and, therefore, the judgment as to what constitutes an appropriate or 'fair' balance of those views must be a political one')." Center for Policy Analysis, 540 F.3d at 945. In FACA, Congress charged the Secretary of the Interior to appoint and establish advisory committees "as he may deem advisable." Further, the Organic Act authorizes the Secretary of the Interior to "appoint and establish such advisory committees in regard to the functions of the National Park Service as he may deem advisable, members of which shall receive no compensation or their services as such but who shall be allowed necessary travel expenses as authorized by section 5703 of Title 5." 16 U.S.C. § 1a-2(c). The Secretary of the Interior exercised this discretion under the ORV Management Plan, which he had full

authority to do. The Court has been presented with, and can find no indication that, there is any directives in the statutory framework which would indicate how the Secretary of the Interior should make the appointments to the Committee such that the Court would have a meaningful standard on which to judge such appointments. The highly discretionary language of the Organic Act provides no guidance for the Court to assess how balanced the ORV Committee must be.

Thus, the undersigned recommends that based on the statutory framework in this case, there is no "law to apply" such that the eighth claim is unreviewable by this Court under the APA.[7] Therefore, the Court recommends that the eighth claim fails to state a claim upon which relief may be granted and should be dismissed.

Accordingly, it is now

**RECOMMENDED:**

Federal Defendants' Partial Motion to Dismiss Plaintiffs' Eighth Claim for Relief (Doc. #18) be **GRANTED.**

---

[7] The Court is mindful that there are cases to which the Plaintiff has cited in which courts have held to the contrary and found that the FACA's fairly balanced requirement does supply law to apply. See Pl. Br. P. 14 (citing Colorado Envtl. Coalition v. Wenker, 353 F.3d 1221, 1232-34 (10th Cir. 2004), Cargill, Inc. v. United States, 173 F.3d 323, 334-37 (5th Cir. 1999), and National Anti-Hunger Coalition v. Exec. Comm., 557 F. Supp. 524, 528 (D.C. Cir. 1983). But as has been noted, the courts' decisions in National Anti-Hunger Coalition and Cargill, "arose in a different statutory context, with different requirements for the committees" as National Anti-Hunger was decided based upon the "President's express intent in establishing the survey was to apply to federal programs the expertise of leaders in the private sector with 'special abilities to give detailed advice on cost-effective management of large organizations.'" 557 F. Supp. at 528. Further, Cargill considered whether the National Institute for Occupational Safety and Health violated FACA's fairly balanced requirement. 173 F.3d at 327-28. And Wenker noted that the "regulations at issue in that case provided express guidance as to the composition of the committees." Center for Policy Analysis, 540 F.3d at 947. Therefore, the Court recommends that these cases are distinguishable.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 12th day of April, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

**Copies**: All Parties of Record