### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

NATIONAL PARKS CONSERVATION
ASSOCIATION, JOHN ADORNATO, III,

           Plaintiffs,

-vs-                                         Case No.  2:11-cv-578-FtM-29SPC

UNITED STATES DEPARTMENT OF
INTERIOR, NATIONAL PARK SERVICE,
UNITED STATES FISH AND WILDLIFE
SERVICE,

           Defendants.
_____/

### ORDER

This matter comes before the Court on Florida Fish and Wildlife Conservation Commission's Motion to Intervene (Doc. #67) filed on April 12, 2012. Plaintiff, Public Employees for Environmental Responsibility ("PEER"), filed its response in opposition to Florida Fish and Wildlife Conservation Commission's intervention (Doc. #71) on April 13, 2012.  This Motion is now ripe for review.

### I. Facts

The subject matter of the current action centers on the National Park Conservation's challenge, under the Administrative Procedure Act, to the National Park Service's Final General Management Plan/Wilderness Study/Off-Road Vehicle Management Plan/Environmental Impact Study, dated October 20, 2010, concerning Big Cypress National Preserve. In February 2011,  the National Park Service issued a Record of Decision. The decision was based on the General Management Plan and a Fish and Wildlife's Biological Opinion. Under this plan, the National Park

Service decided to open one-hundred and thirty (130) miles of trails through an addition to Big Cypress Preserve. These trails would be available for recreational use of all kinds of off-road vehicles. Plaintiffs brought this suit alleging that this would have a significant adverse impact on natural areas within Big Cypress Preserve.

Putative Intervenor, the Florida Fish and Wildlife Conservation Commission ("FFWCC"), is an agency of the State of Florida.  In December 2010, the FFWCC and the Defendant National Park Service entered into a Cooperative Partnership Agreement. In this agreement the parties agreed to engage in joint and cooperative endeavors, which would focus the parties' resources, ability, and expertise to achieve proper land management of land, water, and wildlife resources. The FFWCC seeks to intervene in this case on behalf of the Defendants through this agreement with the National Park Service.  The PEER Plaintiffs object, arguing that the FFWCC provides no evidence that the Federal Defendants may not adequately represent FFWCC's stated interest in the litigation and in the interests of judicial efficiency and economy, the Court should deny FFWCC's Motion.

## II. Standard

The Federal Rules of Civil Procedure provide for two types of intervention; intervention as a matter of right and permissive intervention. See Fed. R. Civ. P. 24. The FFWCC seeks to *permissively* intervene through Federal Rule of Civil Procedure 24(b).[1]  Rule 24(b) provides for permissive intervention when:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or

---

[1] Putative Intervenor FFWCC does not seek to intervene as a matter of right under Federal Rule of Civil Procedure 24(a).   The Eleventh Circuit prevents a state agency from intervening as a matter of right on behalf of federal agencies in cases of an action under the Administrative Procedure Act.   See Sierra Club v. Leavitt, 488 F.3d 904 (11th Cir. 2007)

(2) when an applicant's claim or defense and the main action have a common question of law or fact in common....In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). Accordingly, permissive intervention is appropriate where a party's claim or defense and the main action have a common question of law or fact in common and intervention, being timely, will not unduly prejudice or delay adjudication of the original parties' rights. Mt. Hawley Ins. Co. V. Sandy Lake Properties, Inc., 425 F.3d 1308, 1312 (11th Cir. 2005). Specifically, the proposed intervenor must show that: (1) its application is timely; and (2) its claim or defense and the main action have a common question of law or fact in common. Cox Cable Communications v. United States, 992 F.2d 1178, 1180 n.2 (11th Cir. 1993). However, if the intervenor satisfies these two requirements, the court has the discretion to deny permissive intervention. Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989).

## A. Timely Application

In determining whether a motion to intervene is timely, the court considers (1) the length of time during which the intervenor knew or should have known of their interest in the case before moving to intervene, (2) the extent of the prejudice to existing parties as a result of the intervenor's failure to move for intervention as soon as it knew or reasonably should have known of their interest, (3) the extent of prejudice to the intervenor, and (4) the existence of unusual mitigating circumstances militating either for or against a determination that their motion was timely. Id. The court should keep in mind that "[t]imeliness is not a word of exactitude or of precisely measurable dimensions." Id. (quoting McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1074 (5th Cir. 1970)). Rather, the

requirement must exhibit an accommodating flexibility toward both the court and litigants. <u>Chiles</u>, 865 F.2d at 213.

Here the FFWCC filed a timely application for intervention. The case began only seven (7) months ago. Additionally, consolidation of the two suits occurred recently on January 12, 2012, and intervention was granted on February 6, 2012. A motion to intervene within seven months of the original complaint's filing is timely, especially since discovery has not begun. <u>See Id</u>. Because of this, none of the parties already in the suit can claim to be prejudiced by the FFWCC's intervention, nor do they. <u>See Id</u>. As such, intervention by the FFWCC is timely and it would not prejudice the existing parties.

## B. Common Question of Law or Fact

Moreover, the FFWCC's reason for intervention shares a common question of law or fact with the underlying cause of action. The underlying facts of this case center on the National Park Service's decision to open up one-hundred and thirty (130) miles of land in the Big Cypress Preserve to off-road vehicles in an effort to provide the public with recreation activities. The FFWCC seeks to intervene because of its agreement with the National Parks Service. The FFWCC contends that the underlying action of this matter would have a substantial impact on its cooperative efforts under the agreement. (Doc. #67, p. 4). Specifically, the FFWCC argues that it has an interest in ensuring the management practices implemented in the lands where the off-road vehicles could go would not jeopardize the Florida Panther's survival.

If allowed to intervene, the FFWCC will assert that the Record of Decision effectively balances the needs of the Florida Panther and the public's need for recreational activities. The FFWCC's

reasons for intervention shares a common question of fact with the underlying facts of this suit. Both center on the National Park Service's decision to open up land within the Big Cypress National Preserve.  Consequently, because the FFWCC's defense shares a common question of fact with the main action, it may permissively intervene.

Finally, as this case is in its early stages and summary judgment briefing is not set to begin until this summer, the Court finds that the Parties will not be unduly prejudiced or this matter delayed significantly if FFWCC is allowed to intervene.

Accordingly, it is now

**ORDERED:**

Florida Fish and Wildlife Conservation Commission's Motion to Intervene (Doc. #67) is **GRANTED**.  The FFWCC is admitted to this case as a party Defendant.  FFWCC shall have up to and including **May 4, 2012** to file its Answer or otherwise plead.

**Done and Ordered** at Fort Myers, Florida, this   24th   day of April, 2012

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

-5-