UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL PARKS CONSERVATION ASSOCIATION, JOHN ADORNATO, III, ,

    Plaintiffs,

vs.      Case No. 2:11-cv-578-FtM-29SPC

UNITED STATES DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE, UNITED STATES FISH AND WILDLIFE SERVICE,

    Defendants.
_____

**OPINION AND ORDER**

On April 12, 2012, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #68) to the Court recommending that the Federal Defendants' Partial Motion to Dismiss Plaintiffs' Eighth Claim for Relief (Doc. #18) be granted. All parties filed Objections to the Report and Recommendation (Docs. ## 74, 77), Responses to the Objections (Docs. #79, 80) and Reply Memoranda (Docs. ## 90, 96). For the reasons set forth below, the Court overrules the objections.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c); see also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n. 1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

Adornato brings his Eighth Claim pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(2)(A) which authorizes the Court to "hold unlawful and set aside agency action, findings and conclusions found to be arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law." Plaintiff contends that the Federal Defendants violated the Federal Advisory Committee Act (FACA), 5 U.S.C. App. 2 § 5(b) and its corresponding regulations, which provide that an advisory committee be "fairly balanced in terms of points of view represented and the functions to be performed," and "not inappropriately influenced by the appointing authority or by any special interest." Adornato is a member of the Big Cypress National Preserve Off-Road Vehicle Advisory Committee (ORVAC), the committee whose composition he

challenges.[1]  Adornato challenges the appointments to the ORVAC because the majority of the advisory committee takes a view different than his as to the use of off-road vehicles in the new portion of the national preserve.

There is no case law to support a finding that a committee's failure to adopt another committee member's viewpoint or to give it sufficient weight denies that member meaningful participation on the committee.  All of the cases cited by plaintiff in support of his contention have involved plaintiffs who were either denied a position on a committee or otherwise denied access to meetings and committee documents.  See Public Citizen v. Dept. of Justice, 491 U.S. 440 (1989)(organization had standing when ABA Committee failed to comply with FACA's charter and notice requirements and denied access to meetings and records); Colorado Environmental Coalition v. Wenker, 353 F.3d 1221 (10th Cir. 2004)(plaintiffs had standing "based on the individual plaintiffs' claim of an interest in a fair opportunity to be appointed to [a committee] which opportunity was denied them when the Secretary of the Interior short-circuited the 'fair balance' requirement"); National Anti-Hunger, 557 F. Supp. 524, aff'd 711 F.2d 1071 (plaintiffs denied access to committee documents); Washington Legal Found. v. Am. Bar Ass'n Standing Comm. on the Fed. Judiciary, 648 F. Supp. 1353 (D.D.C. 1986)(finding

---

[1] The Committee was initially established by the National Parks Service in 2007.  See 72 Fed. Reg. 42,108 (Aug. 1, 2007).

injury where committee consulted with liberal public interest groups to the exclusion of conservative public interest organizations). Unlike the cases cited by Adornato, plaintiff here has not been denied access to meetings or committee documents and simply complains that the other members have not given his opinions due weight because a majority of members favor ORV use. The Court agrees with the Report and Recommendation that while Adornato has shown constitutional standing at this stage of the proceedings (Doc. #68, pp. 8-11), the Eighth claim for relief fails to state a claim under the Administrative Procedures Act (Doc. #68, pp. 12-17.)

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #68) is **ACCEPTED AND ADOPTED.**

2.  The Federal Defendants' Partial Motion to Dismiss Plaintiffs' Eighth Claim for Relief (Doc. #18) is **GRANTED** and the Plaintiff's Eighth Claim for Relief is **DISMISSED** for failure to state a claim.

3.  The Federal Defendants' Motion to Strike Portions of Plaintiffs' "Reply in Support of Objections to Report and Recommendation's Recommended Dismissal of Eighth Claim" DE #98, and Attached Exhibits, ## 96-1-96-5 (Doc. #97) is **DENIED AS MOOT.**

4.  The Clerk shall withhold the entry of Judgment until further Order by the Court.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of August, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record