UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONAL PARKS CONSERVATION ASSOCIATION and JOHN ADORNATO, III,

    Plaintiffs,

v.   Case No: 2:11-cv-578-FtM-29CM

UNITED STATES DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE, and UNITED STATES FISH AND WILDLIFE SERVICE,

    Defendants.

SAFARI CLUB INTERNATIONAL, FLORIDA WILDLIFE FEDERATION, and FLORIDA FISH AND WILDLIFE CONSEVATION COMMISSION,

    Defendants – Interveanors.

---

PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, FLORIDA BIODIVERSITY PROJECT, SIERRA CLUB, SOUTH FLORIDA WILDLANDS ASSOCIATION, WILDERNESS WATCH, and BRIAN SCHERF,

    Plaintiffs,

v.   Case No: 2:11-cv-647-FtM-29CM

KENNETH SALAZAR, Secretary, U.S. Department of the Interior, JONATHAN B. JARVIS, Director, National Park Service, and DANIEL M.

ASHE, Director, U.S. Fish &
Wildlife Service,

        Defendants.

SAFARI CLUB INTERNATIONAL,
FLORIDA WILDLIFE
FEDERATION, and FLORIDA
FISH AND WILDLIFE
CONSEVATION COMMISSION,

        Defendants –
        Interveanors.

**OPINION AND ORDER**

This matter comes before the Court on the PEER Plaintiffs' Rule 59(e) Partial Motion for Reconsideration of the Court's September 25, 2014 Judgment and Underlying September 19, 2014 Opinion (Doc. #189)[1] filed on October 17, 2014. The Florida Wildlife Federation filed a Response in Opposition (Doc. #190) on October 28, 2014, and the Federal Defendants and Safari Club International filed Responses in Opposition (Doc. #191; Doc. #192) on November 3, 2014.

**I.**

On September 19, 2014, the Court entered a seventy-three page Opinion and Order accepting and adopting in part and rejecting in part the Report and Recommendation (Doc. #123), denying plaintiffs' Joint Motion for Summary Judgment (Doc. #103), and

---

[1]Unless otherwise stated, docket numbers refer to the lead case, Case No. 2:11-cv-578-FtM-29CM. The Court will cite the administrative record as "AR" followed by the page number.

- 2 -

granting defendants' motions for summary judgment (Doc. #106; Doc. #108; Doc. #110; Doc. #111).  (Doc. #187.)  The PEER Plaintiffs now asks the Court to reconsider several issues that they believe are at odds with precedent and the administrative record.  Specifically, the PEER Plaintiffs argue that reconsideration is warranted because the Court failed to squarely address four key issues.

## II.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly.  American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).  "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously."  PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).  Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice."  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  Unless the movant's arguments fall into one of these categories, the motion must be denied.

The motion to reconsider must set forth facts or law of a

strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time-an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

### III.

The PEER Plaintiffs first assert that reconsideration is warranted on their claim that the NPS violated the Organic Act by failing to include an impairment determination with respect to existing visitor use and experience because the Court failed to address this issue in its Opinion and Order and that "the Court's omission in resolving this key question constitutes a manifest legal error." (Doc. #189, p. 7.) Although the PEER Plaintiffs

characterize this issue as a "key question" in their motion for reconsideration, it merited no more than a single footnote in their objection to the Report and Recommendation.  (See Doc. #127, p. 30 n.20.)  The Court will nevertheless grant reconsideration on this issue because it was not explicitly addressed in the Court's Opinion and Order.

The "Determination of Impairment for the NPS Preferred Alternative" included detailed impairment findings for hydrologic resources, wetlands, floodplains, vegetation and soils, endangered and threatened species, major game species, wilderness resources and values, soundscapes, archeological resources, and American Indian ethnographic resources.  (AR 13601-08.)  The NPS, however, found that impairment findings were not necessary for visitor experience, socioeconomics, public health and safety, environmental justice, land use, and NPS operations because "[t]hese impact topics are not generally considered to be Preserve resources or values according to the Organic Act and cannot be impaired in the same way that an action can impair Preserve resources and values."  (AR 13601.)  The PEER Plaintiffs argue that the NPS's failure to assess the impairments to visitor use and experience contravenes the Organic Act and the NPS's Management Policies.  (Doc. #189, p. 10.)

The Organic Act provides that the NPS is required to:

- 5 -

> promote and regulate the use of the Federal areas known as national parks, monuments, and reservations . . . as provided by law, by such means and measures as conform to the fundamental purpose of the said parks, monuments, and reservations, which purpose is to conserve the scenery and the natural and historic objects and the wild life therein and to provide for the enjoyment of the same in such manner and by such means as will leave them unimpaired for the enjoyment of future generations.

16 U.S.C. § 1. "Because the Organic Act is silent as to the specifics of park management, the Secretary has especially broad discretion on how to implement his statutory mandate." Davis v. Latschar, 202 F.3d 359, 365 (D.C. Cir. 2000). The NPS does, however, have a duty to prohibit the impairment of the integrity of park resources and values.

The PEER Plaintiffs have failed to cite to any legal authority supporting their contention that the NPS is required to make an impairment finding with respect to existing visitor use. Instead, the PEER Plaintiffs rely on the NPS's Management Policies, which provide, in relevant part, that "[t]he 'park resources and values' that are subject to the no-impairment standard include . . . appropriate opportunities to experience enjoyment of the above resources, to the extent that can be done without impairing them." (AR 14398.) The NPS Management Policies, however, "are intended only to provide guidance within the Park Service, not to establish rights in the public generally," River Runners for Wilderness v. Martin, 593 F.3d 1064, 1072 (9th Cir. 2010), and they are not enforceable against the NPS, id. at 1073. See also Wilderness

Soc'y v. Norton, 434 F.3d 584, 596 (D.C. Cir. 2006) (holding that the NPS's Management Policies amount to an "internal agency manual intended to guide and inform Park Service managers and staff. There is no indication that the agency meant for these internal directives to be judicially enforceable at the behest of members of the public who question the agency's management").

Because the NPS's Management Policies only serve as a guide, the Court finds that the PEER Plaintiffs have failed to show that the NPS was required to assess the impairment to existing visitor use under the Organic Act. Furthermore, the NPS did in fact analyze the impact that ORV use will have on existing visitor use in the Addition GMP/EIS. (AR 13192-195.) Accordingly, the Court finds that judgment was properly entered in Defendants' favor.

**IV.**

The PEER Plaintiffs also argue that reconsideration should be granted due to the Court's failure to squarely address the following claims: (1) the FWS failed in its Biological Opinion to evaluate the direct, indirect, and cumulative effects that the ORV trail system will have on the Florida panther; (2) the FWS and NPS failed to engage in formal consultation concerning the impacts on the Eastern Indigo snake; and (3) the NPS violated the Wilderness Act by invoking a significantly heightened legal standard for assessing wilderness eligibility in the Addition. These issues, however, were carefully considered and addressed by the Court in

the Opinion and Order entered on September 19, 2014; therefore, the Court finds that the PEER Plaintiffs have failed to establish the extraordinary circumstances justifying reconsideration. (See Doc. #187, pp. 25-28, 63-69.)  Thus, the PEER Plaintiffs' motion for reconsideration is denied as to these issues.

Accordingly, it is hereby

**ORDERED:**

The PEER Plaintiffs' Rule 59(e) Partial Motion for Reconsideration of the Court's September 25, 2014 Judgment and Underlying September 19, 2014 Opinion (Doc. #189) is **GRANTED** as to the request for reconsideration on the PEER Plaintiffs' claim that the NPS failed to undertake the legally mandated Organic Act impairment analysis in connection with visitor use and experience. Having reconsidered the matter, the Court reaches the same conclusions as set forth in the Opinion and Order filed on September 19, 2014 (Doc. #187).  The motion is otherwise **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   5th   day of February, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record